FILED FOR RECORD
9/29/2017 7:39 PM
MARY MARGARET WRIGHT
COUNTY CLERK
HENDERSON COUNTY, TEXAS

CAUSE NO. 00280-CC-17

| | | |
|---|---|---|
| **DAWN AND DAVID SMITH,** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiffs,** | § | |
| **vs.** | § | |
| | § | |
| **JPMORGAN CHASE BANK, N.A., MORTGAGE CONTRACTING SERVICES, and JOHN DOES 1-10** | § | **AT LAW NO.** |
| | § | |
| **Defendants.** | § | **HENDERSON COUNTY, TEXAS** |

## PLAINTIFFS' PETITION

### INTRODUCTION

1.      Dawn Smith and David Smith ("Plaintiffs") file this Petition against JPMorgan Chase Bank, N.A. ("Chase"), Mortgage Contracting Services and John Does 1-10 for the wrongful foreclosure and seizure of their home resulting in the "trash-out" of the contents of their home. At the time the Defendants seized the Smith's home and confiscated their possessions, the Defendants had no right to foreclose on the property they entered and had not sought or obtained a court order allowing them legal access to the home.  In the trash-out, Mr. and Mrs. Smith lost priceless family heirlooms, photographs, tools, books, personal papers and information, such as tax information, financial information and many other important personal items.

2.      To remedy the damage caused by the Defendants' actions, Plaintiffs bring the following claims:  1) wrongful foreclosure; 2) conversion; 3) trespass; 4) violations of the Texas Debt Collection Practices Act; 5) negligence; 6) negligent hiring, training and supervision; 7) invasion of privacy; 8) common law unreasonable debt collection and 9) violations of the Texas Deceptive Trade Practices Act.

## PARTIES

3.      The Plaintiffs, David and Dawn Smith, are residents of Smith County.

4.      Defendant J.P. Morgan Chase Bank, N.A. is New York Corporation and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St., STE. 900 Dallas, TX 75201.

5.      Defendant Mortgage Contracting Services, LLC ("MCS") is a Delaware corporation and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St., STE. 900 Dallas, TX 75201.

6.      John Does 1-10 are persons who entered the Plaintiffs home who will be identified through discovery in this suit.  The John Doe defendants will be served as soon as practicable after discovery.

## JURISDICTION AND VENUE

7.      The Court has general jurisdiction, and in the alternative, specific jurisdiction, over Defendants because, upon information and belief, (1) they have routinely and purposefully done business in the State of Texas, (2) they committed a tort in whole or in part in Texas against a Texas resident in Henderson County, and/or (3) Defendants' minimum contacts with the State of Texas are sufficient that substantial justice and fair play allow Texas state courts to exercise jurisdiction over them.

8.      There is no federal jurisdiction.  Plaintiff does not assert any federal causes of action. There is not complete diversity amongst the Plaintiff and Defendants.  Finally, none of the exceptions to complete diversity under the Federal Interpleader Act, Class Action Fairness Act or Multiparty, Multiforum Trial Jurisdiction Act are applicable.

----------------

**Plaintiffs' Petition**                                                                                    2

FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.      In 2001 Plaintiffs purchased a 5 acre tract of land that had a small site-built home on it. Then later, in approximately 2007, Plaintiffs purchased a manufactured home to place on their land. In order to obtain financing, it was necessary to include part of the 5 acre tract of land on the note for the manufactured home.

10.     Thereafter Plaintiffs placed the manufactured home along with 4.726 acres of land on the note. The remaining home and .279 acres were deeded in Plaintiffs' names only. To be clear the original home and .279 acres were owned free and clear by Plaintiffs and no Defendant ever had right to the land or home. This home had the address of 9481 CR 2813, Eustace, Texas 75214, and has always maintained that address.

11.     After the loan was obtained by Plaintiffs, Emergencies Services of Henderson County assigned a new address to the new home on 4.726 acres. That address was 9517 CR 2813, Eustace, TX 75124. The address was communicated to Chase numerous times. Since purchasing the home, the Smiths secured it with locks and meticulously maintained the exterior and interior of the home.

12.     In mid-2014 the home and acreage secured by the loan went into foreclosure. The Smiths evaluated their situation and knew they would not be able to keep out of foreclosure. They then moved a large amount of their personal property into the small site-built house they owned free and clear and began to figure out their next steps. On or about September 7, 2015, they went to check on the home and found it was cleared of all of their personal property.

13.     The Smiths found a note on the door from MCS advising they should be contacted for anything related to the property. On September 8th, Mrs. Smith went to the Henderson County

Sheriff's department to file a report.  She was informed that it was a civil matter and no report was needed.  While trying to secure her property from Chase she was advised that a police report was necessary and on or about October 15, 2015 an incident report was opened.

14.  At the time of the entry, the home was being used to store many household items and was temporarily unoccupied.  However, as a conservative estimate, over $60,000.00 worth of personal property was removed.  This included personal family effects, antiques, tools, camping equipment, general household items, and many other items.  The personal family items and some family antiques are not replaceable.

15.    Though Chase has now taken all personal items from the .279 acre property and exercised dominion and control over this property, it is not, and has not at least since 2007 been the property of anyone other than the Smiths.  The deed of trust and loan Chase held and foreclosed upon only contained the 4.726 acres as described in Exhibit "A" to the deed of trust, attached to this complaint at Exhibit A.  Upon information and belief, Chase will be moving forward with trying to wrongfully take this property and trying to convey it to HUD.

## COUNT 1
### WRONGFUL FORECLOSURE
### (As to Chase )

16.    The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

17.    The Plaintiff executed a note and deed of trust with Draper and Kramer Mortgage Corp. on or about November 13, 2007.  Presumably at some unknown point in time Chase gained the rights to the loan.  On or about October 7, 2014, Chase purportedly foreclosed on the Smith's home, auctioned the home and bought the home at the auction sale.

18.    Chase did not provide Plaintiffs with notice twenty-one (21) days prior to the sale of the

---

**Plaintiffs' Petition**                                                                 4

home on October 7, 2014, as it was required by statute to do.  Nor did any other entity provide adequate notices.  Chase also had not complied with HAMP guidelines or FHA or HUD requirements prior to the sale.

19.     Chase foreclosed on the Plaintiff's property wrongfully and without complying with the foreclosure statute.  Moreover, Chase has exercised dominion and control over the .279 acres and home owned free and clear by the Smiths and purport that the wrongful foreclosure gave them the right to do so.

20.     Chase had a duty to exercise fairly and in good faith the power of sale in any deed of trust it claimed was to secure a debt with the Plaintiffs.  Chase breached that duty by failing to comply with the statutory notice procedures and taking property owned by the Smiths that was not secured by their deed of trust.

21.     The Plaintiffs lost their home, any and all equity and money they put into the home and the majority of their personal possessions.  In addition, the Plaintiffs have suffered anxiety and emotional distress from the foreclosure and auction of their home and the loss of their possessions, many of which were priceless, irreplaceable items such as pictures and family heirlooms.

22.     WHEREFORE, the Plaintiffs request that they be awarded damages in an amount to be proven at trial, exemplary and/or multiple damages to the extent allowed by the applicable law, attorneys' fees and costs and pre- and post-judgment interest on any award.

**COUNT 2**
CONVERSION
**(As to All Defendants)**

69.     The Defendants, their agents, contractors and/or employees entered the Plaintiffs'

---

exclusive property and house without permission or authorization at various times after it purportedly foreclosed on the property that it did own (see Exhibit A).  This was done even after Defendants were on notice that the property was owned by the Smiths.

70.     The Defendants, their agents, contractors and/or employees were on notice that they had no right or authority to enter onto the Plaintiffs' property, break into their home, seize their home and property and remove possessions in the home and on the property.

71.     The Defendants, their agents, contractors and/or employees removed and disposed of numerous possessions of the Plaintiffs, many of which were priceless, irreplaceable personal possessions.  The actions of the Defendants, their agents, contractors and/or employees were done intentionally and/or with gross disregard for the rights of the Plaintiffs.  The Defendants are directly and/or vicariously liable for the actions of their agents, contractors and/or employees.

72.     The Plaintiffs were damaged as a direct and proximate result of the actions of the Defendants, their agents, contractors and/or employees.

73.     WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further requests that they be awarded damages in an amount to be proven at trial, exemplary damages and/or multiple damages to the extent allowed by the applicable law, attorneys' fees and costs and pre- and post-judgment interest on any award.

## COUNT 3
### TRESPASS
### (As to All Defendants)

74.     The Defendants, their agents, contractors and/or employees entered the Plaintiffs' property and house without permission or authorization at various times during its "foreclosure" process and proceedings.

75.     The Defendants, their agents, contractors and/or employees were on notice that they had no right or authority to enter onto the Plaintiffs' property, break into their home, seize their home and property and remove possessions in the home and on the property.

76.     The actions of the Defendants, their agents, contractors and/or employees were done intentionally and/or with gross disregard for the rights of the Plaintiffs.  The Defendants are directly and/or vicariously liable for the actions of their agents, contractors and/or employees.

77.     The Plaintiffs were damaged as a direct and proximate result of the actions of the Defendants, their agents, contractors and/or employees.

78.     WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further request that they be awarded damages in an amount to be proven at trial, exemplary and/or multiple damages to the extent allowed by the applicable law, attorneys' fees and costs and pre- and post-judgment interest on any award.

**COUNT 4**
**TEXAS DEBT COLLECTION ACT**
**(As to All Defendants)**

79.     Chase is liable to Plaintiffs for violating portions of the Texas Finance Code applicable to the collection of consumer debts.  Chase is a debt collector, as such term is defined in Texas Finance Code §392.001. Chase has violated at least the following sections and paragraphs of the Texas Finance Code:

> Section 392.301 by using threats, coercion, or attempts to coerce that employ one or more of the following listed practices:

>> (1)     using or threatening to use violence or other criminal means to cause harm to a person or property of a person;

> Section 392.304 by using a fraudulent, deceptive, or misleading representation that employs one or more of the following listed practices:

**Plaintiffs' Petition**                                                                                                7

(8)    misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding;

(19)    using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

80.    Chase used the other Defendants as their agent(s) to accomplish the above prohibited acts. As such Defendant MCS and Does 1 through 10 are vicariously liable for the violations of the Texas Debt Collection Act.

81.    Plaintiffs seek (1) actual and/or any available statutory damages sustained as a result of such violations; and (2) attorneys' fees and costs.

## COUNT 5
### NEGLIGENCE
### (As to Chase and Mortgage Contracting Services, LLC)

82.    The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

83.    Defendant Chase owed a duty to the Plaintiffs to act as a reasonable and prudent servicer, lender, investor and/or security holder during any collection, foreclosure, auction proceedings and post-foreclosure actions, which included the obligation to verify that  it a) owned the note and deed of trust before initiating the notice and foreclosure process, b) had satisfied the statutory notice requirements, c) had the right to seize and remove possessions from the Plaintiffs' home before doing so; d) were securing the correct property, and e) had arranged for the temporary storage of the Plaintiffs' possessions as required by statute before removal.

84.    Defendants Chase, Mortgage Contracting Services, Does 1 through 10 and their agents, contractors and/or employees breached the duty owed to the Plaintiffs by failing to conduct due diligence, proceeding with foreclosure and auction proceedings against the Plaintiffs when they

------------------

**Plaintiffs' Petition**                                                                                              **8**

lacked the right to do so and removing, disposing and/or damaging the Plaintiffs' personal property.

85.    The Plaintiffs were damaged as a direct and proximate result of the actions of the Defendants, their agents, contractors and/or employees.

86.    The Plaintiffs lost their home, any and all equity and money they put into the home, and the majority of their personal possessions therein.  In addition, the Plaintiffs have suffered anxiety and emotional distress from the foreclosure and auction of their home and the loss of their possessions, many of which were priceless, irreplaceable items such as pictures and family heirlooms.

87.    WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further requests that they be awarded damages in an amount to be proven at trial, any and all additional damages allowed for by the Act, attorneys' fees and costs and pre- and post-judgment interest on any award.

**COUNT 6**
**NEGLIGENT HIRING, TRAINING AND/OR SUPERVISION**
**(As to Chase and MCS)**

88.    The Defendants had a duty of care to hire contractors with the necessary skill and care to perform property preservation services in compliance with the law.  The Defendants also had the duty to train said contractors and/or employees in the reasonable and proper methods and practices for performing lawful property preservation services and securing a collateralized property, including the obligation to obtain the proper court order before entering a home and removing personal possessions and the obligation to temporarily store a homeowner's personal possessions.  Additionally, the Defendants had the duty to supervise the contractors and/or

employees to whom they sent work orders and requested to perform services at a borrower's home.

89.     The Defendants breached the duties they owed to the Plaintiffs by failing to hire qualified contractors/employees and/or to properly and adequately train and supervise the contractors/employees they hired.

90.     The Plaintiffs were damaged as a direct and proximate result of the acts and omissions of the defendants, its agents, contractors and/or employees.

91.     The Plaintiffs lost their home, any and all equity and money they put into the home and the majority of their personal possessions therein. In addition, the Plaintiffs have suffered anxiety and emotional distress from the foreclosure and auction of their home and the loss of their possessions, many of which were priceless, irreplaceable items such as pictures and family heirlooms.

92.     WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further request that they be awarded damages in an amount to be proven at trial, exemplary and/or multiple damages to the extent allowed by the applicable law, attorneys' fees and costs and pre- and post-judgment interest on any award.

**COUNT 7**
**INVASION OF PRIVACY – INTRUSION UPON SECLUSION AND ACCESS TO**
**AND REMOVAL OF CONFIDENTIAL INFORMATION AND RECORDS**
**(As to All Defendants)**

93.     The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

94.     The Plaintiffs, as the owners of their home, had a right to privacy in their property and house. The Plaintiffs had the right to be free from unlawful intrusion onto their property and into their home.

----------------

**Plaintiffs' Petition**                                                                                     **10**

95.     The Defendants' own files and information, as well as the documents recorded at the county recorder's office, demonstrated that Chase did not own the .279 acre property and home at the time the foreclosure proceedings were initiated and could not have complied with the statutory notice requirements.

96.     Chase is vicariously responsible for the acts of its contractors when they seized the plaintiffs' home, pursuant to Chase's request, prior to the issuance of any court order or rightful claim to the .279 acre property. Chase's contractors then proceeded to empty the contents of the Smith's home.

97.     In addition, Chase communicated the Smiths that their house had been foreclosed on and that the bank was entitled to seize their property and possessions. Said statements and actions caused the Smiths severe emotional distress, embarrassment and ridicule.

98.     These actions by Chase were done with intent or the requisite gross and/or reckless disregard for the rights of the Plaintiffs. Chase knew its actions, which lead to Chase exercising control over Plaintiffs' home and the loss or damage of the majority of their personal possessions, would undoubtedly cause severe emotional distress.

99.     The Defendants, their agents, contractors and/or employees entered onto the Plaintiffs' property and broke into their home, all without the legal right to enter the property.

100.    Once in the home, the Defendants, their agents, contractors and/or employees went through all rooms in the home and removed and/or damaged a great many of the Plaintiffs' personal possessions, many of which cannot be replaced.

101.    The Defendants, their agents, contractors and/or employees also accessed and removed highly personal information from the Plaintiffs' home including tax documents, medical records,

**Plaintiffs' Petition**                                                                                       **11**

checkbooks, financial records, personal pictures and home movies, and family heirlooms.

102.   These acts of the Defendants, their agents, contractors and/or employees constitute an invasion of privacy which has resulted in damage to the Plaintiffs.

103.   WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further request that they be awarded damages in an amount to be proven at trial, exemplary and/or multiple damages to the extent allowed by the applicable law, attorneys' fees and costs and pre- and post-judgment interest on any award.

### COUNT 8
COMMON LAW UNREASONABLE DEBT COLLECTION
(As to Chase)

104.   Chase foreclosed and auctioned the Plaintiffs' property and home in an attempt to collect monies to pay the outstanding debt which was purportedly due and owing on the Plaintiffs' note. They also have seized dominion and control over the .279 acre property and home owned free and clear by Plaintiffs.

105.   Defendant Chase's acts and omissions amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm.   Defendant Chase engaged in the following series of acts which lead to the loss of the Plaintiffs' home and the majority of their personal possessions therein:  a) it did not own the note and deed of trust before initiating the notice and foreclosure process,;  b) it failed to satisfy the statutory notice requirements which are prerequisite to conducting foreclosure and an auction; c) it seized and removed possessions from the Plaintiffs' home without a court order; d) it failed to arrange for the temporary storage of the Plaintiff's possessions as required by statute before removal; e) it seized the .279 acres property and home despite no legal claim to the property; and f) it failed to meet

applicable HUD and FHA guidelines before, during and after the foreclosure.

106.   Defendant Chase was on actual and/or constructive notice from the loan file, the recorded property records, the direct contact with the Plaintiffs and/or information in the possession of Defendant Chase that it had no right to move on its security interest by foreclosing and auctioning the Plaintiffs' .279 acre property and home and then removing their possessions from the home.

107.   Defendant Chase, its agents, contractors and/or employees failed to conduct due diligence, proceeded with foreclosure and auction proceedings against the Plaintiffs when it lacked the right to do so and removed, disposed and/or damaged the Plaintiffs' personal possessions on their property and in their home.

108.   Defendant Chase's actions were taken with intent and/or a gross and reckless disregard for the Plaintiffs' rights so as to constitute wanton and malicious conduct with a near certainty to cause great mental anguish.

109.   Defendant Chase's own files and information, as well as the documents recorded at the County recorder's office, demonstrated that Chase did not own the .279 acre property and home at the time foreclosure proceedings were initiated and could not have complied with the statutory notice requirements.

110.   In addition, Chase is vicariously responsible for the acts of its contractors when they seized the Plaintiffs' home, pursuant to Chase's request, prior to the issuance of any court order. Chase's contractors then proceeded to empty the contents of the Smith's home.

111.   In addition, Chase communicated to the Smiths that their house had been foreclosed on and that the bank was entitled to seize their property and possessions.  Said statements and actions caused the Smiths severe emotional distress, embarrassment and ridicule.

-----------------
**Plaintiffs' Petition**                                                                                    **13**

112.    Chase knew its actions, which lead to the auction of the Plaintiffs' home and the loss or damage of the majority of their personal possessions therein, would undoubtedly cause severe emotional distress.

113.    The Plaintiffs were damaged as a direct and proximate result of the actions of Defendant Chase, its agents, contractors and/or employees.

114.    The Plaintiffs lost their home, any and all equity and money they put into the home and the majority of their personal possessions therein.  In addition, the Plaintiffs have suffered anxiety and emotional distress from the foreclosure and auction of their home and the loss of their possessions, many of which were priceless, irreplaceable items such as pictures and family heirlooms.

115.    WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further requests that they be awarded damages in an amount to be proven at trial, any and all additional damages, attorneys' fees and costs and pre- and post-judgment interest on any award.

## COUNT 9
### CLAIMS FOR VIOLATIONS AS TO THE TEXAS DECEPTIVE TRADE PRACTICES ACT
### (As to Chase)

116.    The Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs above.  Pursuant to Texas Finance Code § 392.404, the Defendants' violations of the Texas Debt Collection Act also constitute a deceptive trade practice under Subchapter E, Chapter 17, of the Business & Commerce Code ("DTPA"), and is actionable under that subchapter.  Plaintiffs have given notice to Chase on or about January 3, 2017 as to their violations and in satisfaction of their notice requirements.

-----------------

**Plaintiffs' Petition**                                                                                              **14**

117.    Additionally Defendants have violated Texas Business & Commerce Code § 17.46 b(12)

by representing that an agreement confers or involves rights, remedies, or obligations which it

does not have or involve, or which are prohibited by law.  Chase has represented both directly to

Plaintiffs and by its actions that various agreements involved rights, remedies or obligations they

did not involve.  This includes representations in the original deed of trust, misrepresentations as

to their claim to the .279 acre property and home, and possibly other documents in the possession

of Chase.

118.    When Chase entered the home in contravention of the representations made to the Smiths

in their deed of trust and other documents it did so in violation of the Texas Deceptive Trade

Practices Act.    To enter a home without performing a forcible entry and detainer was an

unconscionable action that caused Plaintiffs both economic damages and mental anguish.

119.    WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further

request that they be awarded damages in an amount to be proven at trial, and reasonable

attorneys' fees as allowed by statute.  Plaintiffs believe that the acts by Defendants were done

either knowingly or intentionally and will seek treble damages for these acts as applicable.

### EXEMPLARY DAMAGES AND MAXIMUM AMOUNT OF DAMAGES SOUGHT

120.    Exemplary damages should be awarded against Defendants because the harm with respect

to which the Plaintiffs seek recovery of exemplary damages resulted from malice[1] and/or gross

negligence[2].

---

[1] *Malice* means that there was a specific intent by Defendants, both directly and as agents for Chase, to cause
substantial injury or harm to the Plaintiff.
[2] *Gross negligence* means that Defendants' acts and/or omissions (i) when viewed objectively from Defendants'
standpoint at the time of the acts and/or omissions involved an extreme degree of risk, considering the probability and
magnitude of potential harm to others and (ii) were such that Defendants had an actual, subjective awareness of the
risk involved but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others.

---

**Plaintiffs' Petition**                                                                                          15

121.    Plaintiffs intend to seek all actual damages, multiple damages, attorneys' fees, court costs and additional exemplary damages not to exceed 1% of Chase's net worth and the greater of 1% of the net worth of Defendant MCS or their insuring limits.  Plaintiffs reserve the right to amend if Defendants are required to or otherwise disclose their net worth.

### ATTORNEYS' FEES

122.    The Court should award the Plaintiffs attorneys' fees for all causes of action herein supporting such an award.

### JURY DEMAND

123.    Plaintiffs demand a jury trial and tender the appropriate fee with this petition.

### PRAYER FOR RELIEF

124.    For those reasons, Plaintiffs pray that the Defendants be cited to appear and answer herein and that Plaintiffs have judgment for damages within the jurisdictional limits of the Court against Defendants, jointly and severally, for:

a.    actual damages;

b.    statutory damages;

c.    exemplary damages;

d.    pre-judgment and post-judgment interest at the highest legal rate;

e.    legally-available, reasonable and necessary attorneys' fees;

f.    costs;

g.    multiple damages as available under the Texas Deceptive Trade Practices Act, and

h.    all other relief, general and special, legal and equitable, to which Plaintiff may be entitled.

------------

Respectfully submitted,

By: _____

Bonner C. Walsh
State Bar No. 24051766

# WALSH
P L L C

3100 SCR 406
PO BOX 1343
Sonora, Texas 76950
903/574-1807
866/503-8206 – facsimile
bonner@walshpllc.com

Jeffrey L. Weinstein
State Bar No. 21096450
Weinstein Law
518 East Tyler Street
Athens, Texas 75751
903/677-5333
903/677-3657 - facsimile
Jeff@LonghornLawyer.com

**ATTORNEYS FOR PLAINTIFF**