IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DAWN AND DAVID SMITH, § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> JPMORGAN CHASE BANK, N.A., § <br> MORTGAGE CONTRACTING § <br> SERVICES AND JOHN DOES 1-10, § <br>     Defendants. § | CIVIL ACTION NO. 6:17-cv-00639 |

**DEFENDANT MORTGAGE CONTRACTING SERVICES' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(6) AND BRIEF IN SUPPORT THEREOF**

Defendant Mortgage Contracting Services ("MCS") files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Brief in Support Thereof.

## I. INTRODUCTION

On September 29, 2017, Plaintiffs Dawn and David Smith ("Plaintiffs") filed this lawsuit against JPMorgan Chase Bank, N.A. ("Chase") and MCS, as well as some John Does.[1] Plaintiffs allege that Chase wrongfully foreclosed on their property.[2]

Plaintiffs further claim that Chase and MCS wrongfully removed personal belongings from their property. Specifically, Plaintiffs allege that on "September 7, 2015, they went to check on the home and found it was cleared of all of their personal property."[3] Plaintiffs allege the following causes of action against MCS: (1) conversion; (2) trespass; (3) violation of the Texas Debt Collection Act ("TDCA"); (4) negligence; (5) negligent hiring, training and/or supervision; (6) invasion of privacy; and (7) Plaintiffs seek exemplary damages.

---

[1] (ECF No. 1, Exhibit C-1).

[2] *Id.* at ¶ 17-21.

[3] *Id.* at ¶ 12.

All of Plaintiffs' claims against MCS, however, are barred by the applicable two-year statute of limitations. Further, Plaintiffs fail to plead sufficient facts to support their TDCA claim and sufficient facts supporting a recovery of punitive damages. Thus, this Motion.

## II.     PLAINTIFFS' CLAIMS ARE TIME-BARRED

Although Rule 12(b)(6) dismissal is typically determined by whether the facts alleged in the complaint give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings.[4] A complaint that shows a cause of action to be time-barred may be dismissed for failure to state a claim.[5]

The crux of Plaintiffs' complaint is that MCS wrongfully removed Plaintiffs' personal belongings, which they discovered on September 7, 2015. In light of this alleged wrongful removal of personal belongings, Plaintiffs claim the following causes of action against MCS: (1) conversion; (2) trespass; (3) violation of the TDCA; (4) negligence; (5) negligent hiring, training and/or supervision; and (6) invasion of privacy. All of these causes of action have a two-year statute of limitations.[6]

---

[4] *See Kan. Reinsurance Co. v. Cong. Mktg. Corp. of Tex.,* 20 F.3d 1362, 1366 (5th Cir.1994).

[5] *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir.2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.").

[6] *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003 ("a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues."); *see also KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 750 (Tex. 1999) (limitations period for a negligence claim is two years); s*ee also Castillo v. First City Bancorporation of Texas, Inc.,* 43 F.3d 953, 962 (5th Cir. 1994) (the limitations period for conversion and trespass is two years); *See* H.D.N. Corp. v. Autozone Texas, L.P., 4:12-CV-3723, 2014 WL 4471537, at *5 (S.D. Tex. Sept. 9, 2014) (the limitations period for negligent hiring, training and supervision is two years); *see also  Johnson v. Citigroup Mortgage Loan Trust Inc.,* 5:16-CV-1114-RCL, 2017 WL 3337268, at *12 (W.D. Tex. Aug. 3, 2017) (the limitations period for violations of the TDCA is two years); *see also See Stevenson v. Koutzarov,* 795 S.W.2d 313, 319 (Tex. App.—Houston [1st Dist.] 1990, writ denied) (the limitations period for an invasion of privacy claim is two years).

As such, Plaintiffs should have filed this lawsuit—at the absolute latest—by September 7, 2017. Plaintiffs, however, filed this lawsuit on September 29, 2017. Therefore, dismissal with prejudice is proper because all of Plaintiffs' claims are time-barred as a matter of law.

### III. PLAINTIFFS HAVE FAILED TO PLEAD SUFFICIENT FACTS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] The factual allegations in a complaint must be enough to raise the right to relief above the speculative level.[8] This standard requires "more than a sheer possibility that a defendant has acted unlawfully."[9] Rather, a plaintiff has an obligation to provide "[t]he grounds of his entitle[ment] to relief…."[10]

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[11] When ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all factual allegations contained in the complaint.[12] The Court, however, is not required to accept legal conclusions as true.[13] Rather, legal conclusions must be supported by sufficiently specific factual allegations, as courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[14] "[A] plaintiff must plead specific facts, not mere conclusion allegations, to avoid dismissal for failure to state a claim."[15]

---

[7] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[8] *See Twombly*, 550 U.S. at 554–55.
[9] *See Iqbal*, 556 U.S. at 667.
[10] *See Twombly*, 550 U.S. at 555.
[11] *See Iqbal*, 556 U.S. at 678.
[12] *See Twombly*, 550 U.S. at 555–56.
[13] *See Iqbal*, 556 U.S. at 667–68.
[14] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[15] *See Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).

"Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading."[16] As the Fifth Circuit explained in *Anderson*: "[A] complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law."[17] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18] Furthermore, complaints "based on an outlandish legal theory or on a close but ultimately unavailing one" should be dismissed.[19]

### 1. Plaintiffs failed to plead sufficient facts supporting a violation of the TDCA

"In order to state a claim under the TDCA, Plaintiffs must show: (1) the debt at issue is a consumer debt; (2) Defendants are debt collectors within the meaning of the TDCA; (3) Defendants committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against Plaintiff; and (5) Plaintiff was injured as result of defendants' wrongful act."[20]

Plaintiffs, however, failed to plead any specific facts supporting how MCS violated the TDCA, or how MCS qualifies as a debt collector. Thus, Plaintiffs have failed to plead facts that plausibly state a claim for a violation of the TDCA.

### 2. Plaintiffs failed to plead facts supporting a recovery of punitive damages

In order to recover punitive damages, Plaintiffs must show by clear and convincing evidence that MCS acted with fraud, malice, or gross negligence.[21] Plaintiffs, however, fail to

---

[16] *See Anderson v. U.S. Dep't. of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008).
[17] *See Id.* at 528–29.
[18] *See Iqbal*, 556 U.S. at 678.
[19] *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *McCormick v. Stadler*, 105 F.3d 1059, 1061 (5th Cir. 1997).
[20] *See Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 743 (E.D. Tex. 2013).
[21] *See* Tex. Civ. Pract. & Rem. Code § 41.003(a).

allege any facts supporting that MCS acted with fraud, malice, or with gross negligence. Consequently, Plaintiffs' claim for punitive damages should be dismissed as well.

## IV. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant MCS respectfully requests that the Court grant this Motion to Dismiss, dismiss each of Plaintiffs' claims asserted against MCS with prejudice, as well as any and all other and further relief to which it may show itself to be justly entitled.

Respectfully Submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: /s/ *Michael S. Cedillo*
Michael S. Cedillo
State Bar No. 24072029
mcedillo@thompsoncoe.com
Plaza of the Americas
700 North Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8221
Facsimile: (214) 871-8209
**ATTORNEYS FOR MORTGAGE CONTRACTING SERVICES**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument was served on the 7th day of December, 2017, on the following counsel of record:

| | |
|---|---|
| Bonner C. Walsh<br>Walsh PLLC<br>3100 SCR 406<br>PO Box 1343<br>Sonora, Texas 76950<br>bonner@walshpllc.com | Jeffrey L. Weinstein<br>Weinstein Law<br>518 East Tyler Street<br>Athens, Texas 75751<br>Jeff@longhornlawyer.com |

William Lance Lewis
Rachel Lee Hytken
Quilling, Selander, Lownds, Winslett & Moser, PC
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
llewis@qslwm.com
rhytken@qslwm.com

                                            */s/ Michael S. Cedillo*
                                            Michael S. Cedillo